# EXHIBIT E





**New York State Department of Labor**
David A. Paterson, *Governor*
M. Patricia Smith, *Commissioner*

February 13, 2009

Re:  Request for Opinion
     Tip Pools
     RO-08-0049

Dear ▮:

    I have been asked to respond to your letter of April 30, 2008. Please accept my apology for the late response to your request. Your letter presents a factual situation in which: an employer pays its affected hourly employees, including individuals who "supervise," "more than the New York minimum wage;" the employer takes no tip credit for the affected employees; such employees receive overtime "and therefore are non-exempt;" such employees receive tips daily and at Christmas; such tips are "pooled" and split between all of the "non-exempt tipped employees." You state your belief that although tip pool arrangements that include supervisors are invalid, you believe that no such restriction applies the present supervisors are "classified and paid as non-exempt." You also state your belief that in such a case, "no liability for damages would lie against the employer." You ask if these stated beliefs are correct and, if not, the manner in which "damages" would be calculated and to whom they would be payable.

    Please be advised that the Department of Labor renders no opinion through this letter, express or implied, as to the "exempt" status of the employees described in your letter. Such a determination is made by application of federal law, which determination, upon information and belief, is not made on the basis of whether or not an employee receives overtime. Upon information and belief it is the employee's classification as exempt or non-exempt that determines whether overtime is paid, rather than the payment of overtime that determines the employee's classification.

    Section 196-d of the Labor Law provides as follows:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. This provision shall not apply to the checking of hats, coats or other apparel. Nothing in this subdivision shall be construed as affecting the allowances from the minimum wage for gratuities in the amount determined in accordance with the provisions of article nineteen of this chapter nor as affecting practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities

>which are distributed to employees, nor to the sharing of tips by a
>waiter with a busboy or similar employee.

It is important to point out that under the New York Labor Law, "tip-sharing" and "tip-pooling" are two entirely different concepts, with tip pooling occurring when tips are pooled and redistributed among the tipped employees, and tip sharing occurring when tipped employees share a portion of their tips with employees who also provide customer service based on a tip sharing practice or program that may be, but is not necessarily, mandated and established by the employer. Tip-pooling must be undertaken by employees on a completely voluntary basis and may not be mandated or initiated by employers. Tip sharing, on the other hand, may be mandated by employers, but at no time may an employer require an employee's tips be turned over to the employer for redistribution. Rather, such redistribution must be accomplished by the employees themselves. An employer may merely require that employees share a portion of their tips with other service employees or "similar employees."

Although you describe the arrangement in question as a "tip-pool," you do not give any description of the manner of creation and terms of the arrangement that would allow this Department to make a determination as to whether the arrangement is, in fact, a tip-pool voluntarily created among the employees, or a tip-share mandated by the employer. This is an important distinction.

As set forth above, a tip-pool arrangement is undertaken on a completely voluntary basis by the employees in question. As such, employees may include those persons they wish in such a tip pool as long as the members of such pool all receive tips. As an employer takes no part in the organization or the conduct of a tip-pool, the only "damages" that may be assessed against an employer in regard to a tip-pool is if the employer required the creation and/or participation in such a pool as a condition of employment or otherwise improperly inserted itself into the creation/operation of such tip-pool. For purposes of responding to your questions, therefore, the Department will proceed as if what you term a tip-pool arrangement is actually a tip-share arrangement.

While an employer may make the creation/operation of a tip-share arrangement a condition of employment, there are some restrictions on such an arrangement. For purposes of this opinion, the primary restriction is that employees who do not render direct service to patrons, such as dishwashers, or who merely render such direct service on an incidental basis, such as supervisors and managers, may not be included in mandatory tip-sharing. (See, In the Matter of the Petition of Tandoor Restaurant, Inc., Industrial Board of Appeals Docket No. PR-82-085 (July 19, 1985), See Also, Chu Chung v. New Silver Palace Rest., 246 F. Supp. 2d 220 (S.D.N.Y. 2002)) Unfortunately, your letter does not provide enough information to determine whether the "individuals who supervise" are eligible for tip-sharing since your letter does not state whether they provide any direct service, incidental or otherwise, to patrons.

Please be further advised that the extent of direct service to patrons by an employee is the sole criteria in determining whether that employee may be included in a mandatory tip-share arrangement. Therefore, the majority of the factors cited by you - the amount of wages paid to that employee, whether a tip-credit is taken by an employer, and the exempt or non-exempt

status of the employee – are all irrelevant to the question of whether that employee may be included in a mandatory tip-share arrangement.

Employers who have violated Labor Law §196-d by requiring employees to pool their tips with supervisors who provide little or no direct service to patrons may be required to pay to employees all tips illegally withheld from them together with annual interest at a rate of 16%. Employers who have committed such violation willfully or egregiously may also be required to pay to the Commissioner of Labor a civil penalty of double the amount of tips wrongfully withheld (*see* Labor Law §218). A finding that the employer willfully withheld tips may also result in a determination that the employer be required to pay the employees in question liquidated damages of twenty-five percent of the amount due (*see* Labor Law §198). Please take note that the factors cited by you, the amount of wages paid and the taking or not of a tip credit, has no relevance to the question of whether the employer violated Labor Law §196-d by including supervisors who provide little or no direct service to patrons in a mandatory tip-pool.

This opinion is based on the information provided in your letter of April 30, 2008. A different opinion might result if the circumstances outlined in your letter changed, if the facts provided were not accurate, or if any other relevant fact was not provided. If you have any further questions, please do not hesitate to contact me.

          Very truly yours,

          Maria L. Colavito, Counsel

          By: Jeffrey G. Shapiro
          Associate Attorney

cc:    Carmine Ruberto