UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE FONSECA and REYES ANDON on behalf of themselves and other similar situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFE and MICHAEL "BUZZY" O'KEEFE,<br><br>Defendants. | ECF Case<br><br>Index No. 13-CV-5124 (AT) (SN)<br><br>**ANSWER TO AMENDED COMPLAINT** |

Dircksen & Talleyrand Inc. d/b/a The River Café and Michael O'Keeffe (incorrectly identified in the Complaint as Michael O'Keefe) (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the Amended Complaint ("Complaint"), hereby respond as follows:

## JURISDICTION AND VENUE

1.      State that Paragraph 1 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit that this Court has jurisdiction over Plaintiffs' claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), but deny that this Court should exercise supplemental jurisdiction over any of Plaintiffs' claims brought pursuant to New York State laws, rules, and/or regulations.

2.      State that Paragraph 2 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that venue is proper in this District as to Plaintiffs' FLSA claims, but deny that venue is proper in this District as to any of Plaintiffs' claims brought pursuant to New York State laws, rules, and/or regulations.

## THE PARTIES

3.      Admit the allegations set forth in Paragraph 3 of the Complaint.

4.      Admit the allegations set forth in Paragraph 4 of the Complaint.

5.      Admit the allegations set forth in Paragraph 5 of the Complaint.

6.      State that Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.      Admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Defendant O'Keeffe monitors the River Café's financials and is involved in managing the River Café's operations.

10.     State that Paragraph 10 of the Complaint does not set forth any allegations, and, accordingly, a response is not required.

11.     Deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Plaintiff Fonseca started working at the River Café in September 2009 and worked as a waiter.

12.     Deny the allegations set forth in Paragraph 12 of the Complaint, except admit that Plaintiff Andon started working at the River Café in February 2007 and worked as a waiter.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     State that Paragraph 13 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants admit that Plaintiffs purport to bring the First and Second Claims for relief as a collective action pursuant to the FLSA on behalf of all non-exempt persons employed by Defendants at the River Café in any tipped position as part of

the dining room staff, but deny that any relief is due and owing and deny that any collective/class should be certified.

14.     Deny the allegations set forth in Paragraph 14 of the Complaint.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     State that Paragraph 15 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants admit that Plaintiffs purport to bring the Third, Fourth, Fifth, and Sixth Claims for relief as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all non-exempt persons employed by Defendants at the River Café in any tipped position as part of the dining room staff, but deny that any relief is due and owing and deny that any class should be certified.

16.     Deny the allegations set forth in Paragraph 16 of the Complaint.

17.     State that Paragraph 17 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants admit that Plaintiffs purport to bring the Sixth Claim for relief as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of currently certified class members who worked from January 1, 2011 to present, but deny that any relief is due and owing and deny that any class should be certified.

18.     State that Paragraph 18 of the Complaint does not set forth any allegations, and, accordingly, a response is not required.

19.     State that Paragraph 19 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations.

20.     State that Paragraph 20 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations.

21.     State that Paragraph 21 of the Complaint sets forth conclusions of law to which no

response is required.  If a response is required, Defendants deny the allegations.

22.      State that Paragraph 22 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations.

23.      State that Paragraph 23 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations.

24.      Deny the allegations set forth in Paragraph 24 of the Complaint, including subparts (a) and (b).

## FACTS

25.      State that Paragraph 25 of the Complaint does not set forth any allegations, and, accordingly, a response is not required.

26.      Deny the allegations set forth in Paragraph 26 of the Complaint.

27.      Deny the allegations set forth in Paragraph 27 of the Complaint.

28.      Deny the allegations set forth in Paragraph 28 of the Complaint.

29.      Deny the allegations set forth in Paragraph 29 of the Complaint.

30.      Deny the allegations set forth in Paragraph 30 of the Complaint.

31.      Deny the allegations set forth in Paragraph 31 of the Complaint.

32.      Deny the allegations set forth in Paragraph 32 of the Complaint.

33.      Deny the allegations set forth in Paragraph 33 of the Complaint.

34.      Deny the allegations set forth in Paragraph 34 of the Complaint.

35.      Deny the allegations set forth in Paragraph 35 of the Complaint.

36.      Deny the allegations set forth in Paragraph 36 of the Complaint.

37.      Deny the allegations set forth in Paragraph 37 of the Complaint.

38.      Deny the allegations set forth in Paragraph 38 of the Complaint.

39.    Deny the allegations set forth in Paragraph 39 of the Complaint.

40.    Deny the allegations set forth in Paragraph 40 of the Complaint.

41.    Deny the allegations set forth in Paragraph 41 of the Complaint.

42.    Deny the allegations set forth in Paragraph 42 of the Complaint.

43.    Deny the allegations set forth in Paragraph 43 of the Complaint.

44.    Deny the allegations set forth in Paragraph 44 of the Complaint.

45.    Deny the allegations set forth in Paragraph 45 of the Complaint.

46.    Deny the allegations set forth in Paragraph 46 of the Complaint.

47.    Deny the allegations set forth in Paragraph 47 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**FLSA Claims, 29 U.S.C. § 201 *et seq.***
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

48.    Reallege and incorporate their responses to all previous allegations contained in the Complaint.

49.    State that Paragraph 49 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations.

50.    Deny the allegations in Paragraph 50 of the Complaint.

51.    Deny the allegations in Paragraph 51 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**FLSA Overtime Violations, 29 U.S.C. § 201 *et seq.***
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

52.    Reallege and incorporate their responses to all previous allegations contained in the Complaint.

53.    Deny the allegations in Paragraph 53 of the Complaint.

54.    Deny the allegations in Paragraph 54 of the Complaint.

55.     Deny the allegations in Paragraph 55 of the Complaint.

56.     Deny the allegations in Paragraph 56 of the Complaint.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*; N.Y.C.R.R. §§ 137-2.1
(repealed); 146-1.3; and 146-2.2
(Brought by Plaintiffs on Behalf of Themselves and the Class)**

57.     Reallege and incorporate their responses to all previous allegations contained in
the Complaint.

58.     Deny the allegations in Paragraph 58 of the Complaint.

59.     Deny the allegations in Paragraph 59 of the Complaint.

60.     Deny the allegations in Paragraph 60 of the Complaint.

61.     Deny the allegations in Paragraph 61 of the Complaint.

62.     Deny the allegations in Paragraph 62 of the Complaint.

63.     Deny the allegations in Paragraph 63 of the Complaint.

64.     Deny the allegations in Paragraph 64 of the Complaint.

### FOURTH CLAIM FOR RELIEF
**New York State Minimum Wage Act, N.Y. Lab. Law §§ 650 *et seq.*
(Brought by Plaintiffs on Behalf of Themselves and the Class)**

65.     Reallege and incorporate their responses to all previous allegations contained in
the Complaint.

66.     State that Paragraph 66 of the Complaint sets forth conclusions of law to which no
response is required.  If a response is required, Defendants deny the allegations.

67.     Deny the allegations in Paragraph 67 of the Complaint.

68.     Deny the allegations in Paragraph 68 of the Complaint.

### FIFTH CLAIM FOR RELIEF
**Illegal Deductions from Gratuities, N.Y. Lab. Law § 196-d
(Brought by Plaintiffs on Behalf of Themselves and the Class)**

69.     Reallege and incorporate their responses to all previous allegations contained in the Complaint.

70.     Deny the allegations in Paragraph 70 of the Complaint.

71.     Deny the allegations in Paragraph 71 of the Complaint.

72.     Deny the allegations in Paragraph 72 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**New York Notice Requirements, N.Y. Lab. Law §§ 195, 198**
**(Brought by Plaintiffs on Behalf of Themselves and the Post-2011 Subclass)**

73.     Reallege and incorporate their responses to all previous allegations contained in the Complaint.

74.     Deny the allegations in Paragraph 74 of the Complaint.

75.     Deny the allegations in Paragraph 75 of the Complaint.

76.     Deny the allegations in Paragraph 76 of the Complaint.

77.     Deny the allegations in Paragraph 77 of the Complaint.

78.     Deny the allegations in Paragraph 78 of the Complaint.

**PRAYER FOR RELIEF**

79.     Deny that Plaintiffs and/or members of the FLSA Collective or Class are entitled to any of the relief described in the "Prayer for Relief" clause of the Complaint, including subparagraphs A through H thereof, or to any other form of relief of any kind whatsoever.

\* \* \*

**DEFENSES**

Defendants assert the following defenses and/or affirmative defenses, without assuming any burden of proof that otherwise does not exist as a matter of law.  These defenses may also apply to the claims of some or all of the collective of allegedly similarly situated persons and/or

Rule 23 class members, if collective and/or class certification is granted.

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including, but not limited to, a claim upon which prejudgment interest may be granted.

2.      The claims of Plaintiffs and/or the putative collective/class are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, contributory fault, and/or the applicable statute of limitations.

3.      The claims of Plaintiffs and/or the putative collective/class are barred, in part, to the extent they released their claims.

4.      Certain Defendants are not proper defendants in this action as they are not "employers" within the scope of the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL").

5.      Plaintiffs and/or the putative class members' claims against Individual Defendant O'Keeffe are barred to the extent he did not exercise control over the terms of and conditions of Plaintiffs and the putative collective/class members' employment.

6.      Plaintiffs and/or the putative collective/class members are not entitled to any equitable relief because they have an adequate remedy at law.

7.      Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

8.      Plaintiff cannot satisfy the requirements for a class action under Federal Rule of Civil Procedure 23 because, among other things, (1) Plaintiff is unable to meet the requirements of numerosity, typicality, and commonality, (2) individual questions of law or fact predominate over any common questions, and (3) a class action is not superior to other available methods for

fairly and efficiently adjudicating the claims of putative class members.

9.      The Complaint's collective/class allegations should be dismissed because independent and individual analyses of Plaintiffs and the putative collective/class members' claims and Defendants' defenses to such claims are required.

10.     Plaintiffs cannot offer a model of damages that is amenable to class or collective treatment.

11.     Certification of a collective/class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

12.     Class relief is not appropriate because one or more individuals who wish to serve as a class representative has interests that may conflict with the interests of the putative collective/class.

13.     Any claim for compensation or other damages as a result of contributions made by Plaintiffs to a tip pooling or tip sharing arrangement fails to state a claim because all participants in the tip pool or tip sharing arrangement were tip eligible employees.

14.     Plaintiffs and the putative collective/class members' claims are barred to the extent that Plaintiffs lacks standing to bring them. In particular, Plaintiffs as former employees lack standing to represent the putative collective/class of current employees of Defendants because they cannot seek injunctive relief.  For these and other reasons, Plaintiffs are inadequate class representatives as well.

15.     Defendants' actions were not willful.  No act or omission of Defendants which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the

NYLL and/or FLSA.

16.     Plaintiffs and/or the putative collective/class members' claims are barred, in whole or in part, because Defendants at all times acted in good faith to comply with the NYLL and/or FLSA, and had reasonable grounds for believing they were in compliance with the NYLL and/or FLSA.  Defendants assert a lack of willfulness or intent to violate the NYLL and/or FLSA as a defense to any claim for liquidated damages.

17.     Any actions that Defendants took in connection with Plaintiffs and/or the putative collective/class members' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the United States Department of Labor and/or New York Department of Labor.

18.     Plaintiffs and/or the putative collective/class members' claims are barred to the extent Plaintiffs and/or the putative collective/class failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

19.     If Plaintiffs and/or any putative collective/class members succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs and/or any putative collective/class members over and above their wages and/or beyond the time period compensable under the NYLL and/or FLSA.

20.     Plaintiffs and/or the putative collective/class members' claims are barred or

should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or NYLL.

21.     Even if Defendants have, in fact, failed to pay Plaintiffs and/or any putative class members for any of the activities alleged in the Complaint (which they have not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or NYLL, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

22.     Plaintiffs' and/or the putative collective/class members' FLSA claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which their total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

23.     Plaintiffs and/or the putative collective/class members' claims are barred, in whole or in part, because, to the extent any violations are established, they constitute *de minimis* violations.

24.     At all times, Defendants made complete and timely payments of all wages due to Plaintiffs and/or putative collective/class members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

25.     At all times, Defendants reasonably believed in good faith that they provided Plaintiffs and/or putative collective/class members with adequate notice of wage information pursuant to New York Labor Law § 195(1).

26.     To the extent Plaintiffs seek penalties under NYLL for any claims, these claims may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

27.     To the extent discovery reveals that Plaintiffs and/or the putative collective/class members falsely reported their hours or tips, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiffs and/or the putative collective/class members.

28.     To the extent Plaintiffs and/or putative collective/class members assert NYLL minimum wage claims that accrued prior to January 1, 2011, such claims are barred, in whole or in part, by Defendants' compliance with the spread of hours requirements and/or tip allowance requirements applicable to service workers and/or food service workers pursuant to 12 N.Y.C.R.R. §§ 137-1.1, et seq. (2010).

29.     Neither liquidated damages nor attorneys' fees may be awarded under NYLL § 198 on a claim for unpaid gratuities because gratuities are neither wages nor wage supplements.

30.     The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the NYLL.

31.     In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or to pursue any available counterclaims against Plaintiffs or any putative collective/class member who joins this action as those claims become known during this litigation.

**WHEREFORE,** Defendants requests judgment against Plaintiffs with respect to their claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Date:   March 10, 2016
          New York, New York

                                                    /s/ Craig Benson
                                                    _____
                                                    Craig R. Benson
                                                    Christine L. Hogan

                                                    LITTLER MENDELSON
                                                    A Professional Corporation
                                                    900 Third Avenue
                                                    New York, NY  10022.3298
                                                    212.583.9600
                                                    cbenson@littler.com
                                                    clhogan@littler.com

                                                    *Attorneys for Defendants*