UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE FONSECA and REYES ANDON on behalf of themselves and others similarly situated,

     Plaintiffs,

-against-

DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE,

     Defendants.

13-CV-5124 (AT)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' NEW YORK LABOR LAW § 195(3) PAY STUB CLAIM**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway
Suite 601
New York, NY 10004
Telephone: (212) 688-5640

Defendants' motion for summary judgment should be denied in its entirety. Defendants do not deny that the New York Labor Law ("NYLL") at all times required Class Members' paystubs to include a delineation of the tip credit. As set forth below, the paystubs in question unmistakably do not clarify the tip credit. Therefore, Defendants' motion should be denied. Defendants' assertion that they they are entitled to an affirmative defense because they *indisputably* paid "a complete and timely" payment of all wages due Plaintiffs is difficult to read with a straight face. This entire lawsuit revolves around Defendants' failure to pay Class Members all of their minimum and overtime wages and their tips. Thus, there is quite a large dispute as to whether Defendants made a complete and timely payment of wages, and summary judgment should not be granted with respect to the affirmative defense.

**A.     Defendants are not Entitled to Summary Judgment as to the Sufficiency of the Paystubs Under NYLL § 195(3)**

As Defendants acknowledge, there were three relevant forms of paystubs that were used to pay Class Members:

**Paystub 1:** Used by Defendants from the beginning of the limitations period until December 31, 2011, prepared by ADP. (Defendants' Rule 56.1 ¶ 4). These Paystubs are attached to the Stipulation & Order "Order", ECF No. 130, as Exhibit A.

**Paystub 2:** Used by Defendants from January 1, 2012 through June 30, 2015. (Defendants' Rule 56.1 ¶¶ 5,8). These Paystubs are attached to the Order as Exhibit B.

**Paystub 3:** Used by Defendants after July, 2015. (Defendants' Rule 56.1 ¶ 10). These Paystubs are attached to the Order as Exhibit C.

For each period of time relevant to Defendants' motion, Plaintiffs address below why summary judgment is clearly not warranted.

**1. The beginning of the Class Period until January 1, 2011**

As Defendants' correctly state, prior to 2011, Section 195(3) required that "[e]very employer…furnish each employee with a [wage] statement…listing gross wages, deductions,

1

and net wages." N.Y. Lab. Law § 195(3) (repealed eff. April 9, 2011). The regulation interpreting this requirement found that each paystub must include "a statement with every payment of wages listing . . . allowances . . . claimed as part of the minimum wage.'" N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (repealed eff. Jan. 1, 2011).

Defendants used Paystub 1 during this period. As comprehensively discussed in Plaintiffs' Memorandum of Law in Support of their Motion for Partial Summary Judgment, Paystub 1 utterly failed to inform Mr. Jorge Fonseca and other Subclass members that Defendants claimed any tip-related income as "part of the minimum wage."[1] (*See* Dkt No. 136 (Pls.' Mem.) at 3–7.) As can be seen, Paystub 1 lists Mr. Fonseca's earnings, rate of pay, hours worked, and deductions from wages. (*See* Defs. Rule 56.1 Statement, Ex. 2.A).) Nowhere, however, does Paystub 1 show that a tip allowance or a tip credit was claimed as part of the minimum wage, or clarify what in fact was the full minimum wage that employees were purportedly receiving as a result of the tip credit. (*Id.*) Indeed, it does not even so much as mention the terms "tip," "gratuity," "credit," or "minimum wage." (*Id.*) The only reference to "Allowances" appears in that section of the statement listing Mr. Fonseca's claimed "Exemptions/Allowances" for tax withholding purposes. (*Id.*) In short, there is no information on the statement from which Mr. Fonseca, and by extension any other Subclass member, could glean that Defendants were claiming any allowance or credit against the minimum wage. Courts, including this one, have repeatedly found similar wage statements deficient under § 137-2.2. *See, e.g.*, *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 462, 467 (S.D.N.Y. 2015) (Torres. J.) (defendant not entitled to tip credit when wage statement included information about, *inter*

---

[1] On September 28, 2015, the Court certified a Subclass of all Tipped Employees who worked at River Café from July 23, 2007 to December 31, 2010 and who did not receive paychecks that complied with NYLL regulations in effect during that timeframe. *See Fonseca v. Dircksen & Talleyrand Inc.*, No. 13-cv-5124 (AT), 2015 U.S. Dist. LEXIS 136427, at *6 (S.D.N.Y. Sept. 28, 2015).

*alia*, the rate of pay, hours worked, deductions, and amount of tips received, but did not include "any information about allowances claimed as part of the minimum wage"); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011) ("[A]lthough defendants provided plaintiffs with a pay statement listing hourly pay, deductions, and tip income, the pay statements do not show 'allowances . . . claimed as part of the minimum wage.'").

Accordingly, summary judgment for Defendants is not warranted with respect to this period of time.

2. **The beginning of the January 1, 2011 through April 8, 2011**

Defendants continued to use Paystub 1 during this period as set forth above.

The only significant change identified by Defendants for this period is that a new regulation went into effect. The language of the new regulations is: "Every employer shall provide to each employee a statement, commonly referred to as a pay stub, with every payment of wages. The pay stub must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

For purposes of the issue at hand, the only effect of the new regulation is that it makes clearer that the wage statement must explicitly refer to the tip credit. Given that Paystub 1 clearly does not reference any tip credit, as set forth and analyzed above, summary judgment for Defendants is not warranted with respect to this period of time. *See supra* at 2–3.

3. **April 9, 2011 through December 31, 2011**

Defendants continued to use Paystub 1 during this period.

On April 9, 2011, N.Y. Lab. Law § 195(3) was amended to read as follows:

> Every employer shall . . . furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that

3

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. . . .

For purposes of the issue at hand, the relevant statutory change is that now, in addition to the regulations requiring more explicitly a mention of the tip credit, the statute itself clarifies that the statement must reference "allowances . . . claimed as part of the minimum wage." Given that Paystub 1 clearly does not reference any tip credit or allowance (except for a tax withholding allowance that clearly was not "claimed as part of the minimum wage"), as set forth and analyzed above, summary judgment for Defendants is not warranted with respect to this period of time. *See supra* at 2–3.

4. **January 1, 2012 through May 31, 2015**

Defendants began to use Paystub 2 during this period. There was no change of law during this period of time. Paystub 2 makes no reference at all to any tip credit. Defendants do not move for summary judgment as to the sufficiency of Paystub 2 under NYLL § 195(3).

5. **June 1, 2015 and onwards**

Defendants used Paystub 3 during this period. Plaintiffs do not challenge the sufficiency of Paystub 3.

B. **Defendants Are Not Entitled to the Affirmative Defense Set forth in N.Y. Lab. Law § 198(1-d)**

In order to avail themselves of the affirmative defense set forth in N.Y. Lab. Law § 198(1-d), which is potentially applicable only to Plaintiffs' post-April 9, 2011 § 195(3) claims, Defendants would have to establish that they made "complete and timely payment of all wages due under [Article 6] or articles nineteen or nineteen-A" of the New York Labor Law. N.Y. Lab. Law § 198(1-d).

Defendants' assertion that it is undisputed that they made complete and timely payment of all wages due is plainly absurd. N.Y. Lab. Law § 652 governs New York's minimum wage requirements. N.Y. Lab. Law § 655(5)(b) governs overtime requirements as it authorizes the wage board to issue regulations with respect to the minimum wages and overtime. The wage board in fact promulgated overtime rules in N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. These statutory provisions are both found in Article 19 of the NYLL.

The sole meaningful "fact" that Defendants cite in support of their affirmative defense is that "[t]here is no allegation in the Amended Complaint that River Café failed to pay Plaintiffs their wages in a complete manner." (Defendants' Rule 56.1 Statement ¶ 12). Plaintiffs are puzzled as to how Defendants can make this assertion with a straight face. One of the causes of action for which this Court already certified a Class, and which is currently slated to go to trial, is whether Defendants "failed to pay tipped employees for all hours worked, including overtime." *Fonseca v. Dircksen & Talleyrand Inc.,* 2015 U.S. Dist. LEXIS 136427, *8 (S.D.N.Y. Sept. 28, 2015). This cause of action is based on the numerous allegations in the Amended Complaint that Defendants failed to pay Plaintiffs the full minimum or overtime wage for all hours worked. *See* Rule 56.1 Counterstatement ¶¶ 12, 14). Thus, Plaintiffs and the Class clearly allege that they were not paid all wages owed under Article 19 of the NYLL and the affirmative defense is simply not available to Defendants as a matter of law.

Plaintiffs also claim that Defendants illegally retained portions of their tips, in violation of N.Y. Lab. Law § 196-d, which is found in Article 6 of the NYLL. Defendants point to authority that a violation of N.Y. Lab. Law § 196-d does not entitle an employee to tip-credit damages, *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 133 (S.D.N.Y. 2014), and somehow infer from this that a failure to pay an employee all of the employee's tips does not disturb the

5

affirmative defense. (*See* Defs.' Mem. at 9.) The statute is clear. To avail itself of the affirmative defense, the employer must have paid "all wages due under [Article 6]." N.Y. Lab. Law § 198(1-d). Article 6 defines "wages" as "the earnings of an employee for labor or *services rendered*, regardless of whether the amount of earnings is determined on a time, piece, commission, *or other basis*." N.Y. Lab. Law § 190 (emphasis added). The New York regulations, in turn, define "tips, or gratuities," as "voluntary contributions received by the employee . . . *for services rendered*." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.21 (emphasis added). Thus, Plaintiffs' claim under N.Y. Lab. Law § 196-d, which prohibits an employer from "retain[ing] any part of a gratuity or of any charge purported to be a gratuity for an employee," is indisputably a claim for "wages due" under Article 6. This Court already denied Defendants' motion for summary judgment with respect to the violations of § 196-d, finding that there are issues of material fact as to whether Defendants illegally retained Class Members' tips. *Fonseca*, 2015 U.S. Dist. LEXIS 136427, at *30–31. Therefore, Defendants cannot avail themselves of the affirmative defense, which would require no material dispute as to whether they illegally retained tips. In any event, even if Defendants could somehow establish—without any support—that full payment of tips is not required for the affirmative defense, there are allegations of minimum wage of overtime violations on behalf of the Class. Those allegations undeniably preclude the affirmative defense.

**C.     Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment should be denied in its entirety.

Date:   June 17, 2016                s/D. Maimon Kirschenbaum
        New York, New York        D. Maimon Kirschenbaum
                                          Josef Nussbaum,
                                          Lucas C. Buzzard
                                          JOSEPH & KIRSCHENBAUM LLP
                                          32 Broadway, Suite 601
                                          New York, NY  10004
                                          (212) 688-5640