UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE FONSECA and REYES ANDON on behalf of themselves and others similarly situated,

      Plaintiffs,

  -against-

DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE,

      Defendants.

13-CV-5124 (AT)

**PLAINTIFFS' REPLY IN SUPPORT OF THE SUBCLASS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway
Suite 601
New York, NY 10004
Telephone: (212) 688-5640

A.     **PRELIMINARY STATEMENT**

The law is clear—prior to 2011, as set forth in this Court's decision in *Salinas v. Starjem Restaurant Corporation* and a litany of other cases, an employer may avail itself of the tip credit only if it notified employees of the tip credit on their wage statements as required by N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (repealed eff. Jan. 1, 2011). *See* 123 F. Supp. 3d 442, 466–67 & n.20 (S.D.N.Y. 2015) (Torres, *J.*). The New York Department of Labor ("NYDOL") letter upon which Defendants rely, interpreting post-2011 tip credit requirements *that are distinctly different from the pre-2011 requirements*, simply has no effect on this settled law. To be sure, even after the NYDOL letter was issued, courts in this Circuit continue to hold that failure to comply with the § 137-2.2 wage statement requirements invalidates an employer's pre-2011 use of the tip credit. *See Widjaja v. Kang Yue USA Corp.*, No. 09-cv-2089 (AMD), 2016 U.S. Dist. LEXIS 19563, at *5–6 & n.6 (E.D.N.Y. Feb. 17, 2016); *Chen v. East Mkt. Rest.*, 13-cv-3902 (HBP), 2015 U.S. Dist. LEXIS 133490, at *10–14 (S.D.N.Y. Sept. 30, 2015); *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 498 (S.D.N.Y. 2015); *Kim v. Kum Gang, Inc.*, No. 12-cv-6344 (MHD), 2015 U.S Dist. LEXIS 39095, at *79–80 (S.D.N.Y. Mar. 19, 2015). Indeed, the only case that has cited and relied on the NYDOL letter, *Carvente-Avila v. Chaya Mushkah Rest.*, 12-cv-5359 (KBF), 2016 U.S. Dist. LEXIS 75396 (S.D.N.Y. Mar. 1, 2016), expressly limited its rationale to the post-2011 tip credit requirements.

As demonstrated in Plaintiffs' opening brief, the inscrutable wage statement issued to Plaintiff Jorge Fonseca, which is representative of all wage statements Defendants issued prior to 2011, utterly failed to list any tip credit "claimed as part of the minimum wage" as required by § 137-2.2. Defendants do not (and cannot) dispute that the representative wage statement does not so much as mention the terms "tip," "gratuity," "credit," "tip allowance," or "minimum

1

wage." As held by numerous district courts in this Circuit (including this Court), the failure to comply with § 137-2.2 results in the invalidation of the pre-2011 tip credit and Defendants' liability for the difference between the wages paid and the full New York minimum wage. *See Salinas*, 123 F. Supp. 3d at 467 & n.20.

**B.    ARGUMENT**

To begin, Plaintiffs must correct an error that permeates Defendants' opposition and reflects their fundamental misunderstanding of the contours of the New York Labor Law and its associated regulations. Defendants repeatedly assert in their Opposition that Plaintiffs are moving for summary judgment "on their New York Labor Law § 195(3) claims." *See* Defs.' Opp'n at 1, 5, 8, 13. This simply is not so. While Plaintiffs raise § 195(3) notice claims in their amended complaint (*see* Dkt No. 115 ¶¶ 73–78), their current motion for partial summary judgment involves only their pre-2011 *minimum wage* claims brought pursuant to N.Y. Lab. Law § 652 and its associated regulation, N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (*see id.* ¶¶ 57–64). While both claims involve wage statements, the remedies available for the claims are different—violations of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 permit recovery of minimum wage "underpayments," *see* N.Y. Lab. Law § 663(1), while violations of § 195(3) permit the recovery of specified statutory penalties, *see* N.Y. Lab. Law § 198(1-d).[1]

Defendants' understanding of the relevant case law interpreting these provisions is as confused as their understanding of the provisions themselves. Defendants begin the argument section of their Opposition with the sweeping and unsupported statement that "[p]rior to 2011,

---

[1] Indeed, it would make little sense for Plaintiffs to move for summary judgment on pre-2011 § 195(3) notice violations because, as several courts in this District have explained, prior to April 2011 "there was no remedy available to employees under the NYLL to recover monetary damages against their employers for violating NYLL § 195(3)." *E.g.*, *Ayala v. Looks Great Servs.*, 14-cv-6035 (ADS), 2016 U.S. Dist. LEXIS 81912, *8 (E.D.N.Y. June 23, 2016).

there was no statute or regulation that even arguably pre-conditioned the receipt of the tip credit on any specific notice." Defs' Opp'n at 5. This must come as somewhat of a surprise to this Court and the numerous other district and magistrate judges in this Circuit who have held exactly the opposite—that, as Judge Chin explained before he was elevated to the Second Circuit, § 137-2.2 imposes "strict" notice "prerequisites" to the tip credit. *Lanzetta v. Florio's Enters.*, 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011) (Chin, *J.*); *accord Salinas*, 123 F. Supp. 3d at 466; *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309–310 (E.D.N.Y. 2009) ("New York state law allows employers to credit a portion of an employee's tips . . . against the minimum wage requirement when certain *preconditions* are met. First, the employer is required to 'furnish to each employee a statement with every payment of wages listing . . . allowances . . . claimed as part of the minimum wage . . . .'" (quoting § 137-2.2, additional citations omitted, emphasis added)). Indeed, by Plaintiffs' count, at least twelve different judges in this Circuit have held that § 137-2.2 imposes notice "preconditions" on an employer's use of the tip credit.[2]

As the representative wage statement clearly shows, Defendants decidedly did *not* comply with these strict preconditions on the use of the tip credit. Section 137-2.2 requires employers to "furnish to each employee a statement with every payment of wages listing . . . allowances, if any, claimed as part of the minimum wage." Defendants contend that they complied with this requirement because Mr. Fonseca's representative wage statement indicates that $58.59 was deducted from and added to his overall pay. Defs.' Opp'n at 13–14. This

---

[2] *See Widjaja*, 2016 U.S. Dist. LEXIS 19563, at *5–6 & n.6; *Chen*, 2015 U.S. Dist. LEXIS 133490, at *10–14; *Inclan*, 95 F. Supp. 3d at 498; *Kim*, 2015 U.S Dist. LEXIS 39095, at *79–80; *He v. Home on 8th Corp.*, No. 09-cv-5630 (GBD), 2014 U.S. Dist. LEXIS 114605, at *19–20 (S.D.N.Y. Aug. 13, 2014); *Cuzco v. F&J Steaks 37th St. LLC*, 13-cv-1859 (PAC), 2014 U.S. Dist. LEXIS 72984, at *6–9 (S.D.N.Y. May 28, 2014); *Shiu v. New Peking Taste Inc.*, No. 11-cv-1175 (NGG), 2013 U.S. Dist. LEXIS 185347, at *27 n.15 (E.D.N.Y. Feb. 19, 2014); *Monterossa v. Martinez Rest. Corp.*, No. 11-cv-3689 (JMF), 2012 U.S. Dist. LEXIS 127811, at *12–13 (S.D.N.Y. Sept. 7, 2012); *Copantitla*, 788 F. Supp. 2d at 290; *Cao v. Wu Liang Ye Lexington Rest.*, Inc., No. 08-cv-3725, 2010 U.S. Dist. LEXIS 109373, at *5–7 (S.D.N.Y. Sept. 30, 2010); *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309-10 (E.D.N.Y. 2009).

amount, however, was in no way "listed," as an "allowance . . . claimed as part of the minimum wage." Instead, the $58.59 amount was "listed" as a deduction, "8," and as an adjustment, "Q." Defendants' citation to the dictionary definition of the word "listed" is silly. There is no debate as to what the word "listed" means; it is just that the information that was "listed" on the representative wage statement was not a tip "allowance[] . . . claimed as part of the minimum wage." To be sure, this Court's own decision holds that, to comply with § 137-2.2, the wage statement must "'record that . . . tip income was claimed as part of the minimum wage.'" *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 467 (S.D.N.Y. 2015) (Torres, *J.*) (quoting *Compantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011)).[3] Defendants' pre-2011 wage statements record nothing of the sort.

The sole authority upon which Defendants rely to escape liability for pre-2011 tip credit damages is an opinion letter sent by the NYDOL's General Counsel, Pico Ben-Amotz, to the Majority Leader of the New York State Assembly on March 4, 2015. (*See* Dkt No. 131, Ex. A ("Ben-Amotz Letter")). Defendants' reliance on the Ben-Amotz Letter is absurd. The Letter does not even mention § 137-2.2. Instead, it interprets post-2011 regulations, N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3 and 146-2.2, which are not implicated by Plaintiff's present motion for summary judgment on the pre-2011 tip credit. *See* Pls.' Mem. at 8–9. Thus, whatever the merits of the Ben-Amotz Letter, it simply is not relevant here. On this front, Defendants' assertion that another judge in this District has "held that courts should give deference to the [Ben-Amotz] Letter and deny the loss of the tip credit as a remedy for 12

---

[3] Moreover, Defendants completely ignore Plaintiffs' argument that any plain reading of the representative wage statement indicates that the $58.59 amount Defendants claim represents the tip credit, was deducted from pay that *had already been calculated using a rate below the hourly minimum wage*, and thus could not by any stretch of the imagination be considered an "allowance . . . claimed as part of the minimum wage." *See* Pls.' Mem. at 4–5. Puzzlingly, Defendants also argue that Plaintiffs "can easily ascertain the amount of the tip credit by performing simple math," while, in the same breath, expressly conceding that the $58.59 amount they contend represents the tip credit on Mr. Fonseca's wage statement *is not the correct tip credit amount for the pay period*. Defs.' Opp'n at 3, 14.

4

N.Y.C.R.R. § 137-2.2 violations" is blatantly false. Defs.' Opp'n at 1 (citing *Carvente-Avila v. Chaya Mushkah Rest.*, 12-cv-5359 (KBF), 2016 U.S. Dist. LEXIS 75396 (S.D.N.Y. Mar. 1, 2016)). The only issue in *Carvente-Avila* was whether the Defendants were not entitled to the tip credit because they failed to comply with the *post*-2011 regulations, §§ 146-1.3 and 146-2.2. *See id.* at *3. Indeed, the *Carvente-Avila* decision explicitly distinguished a case cited by the plaintiffs because, in that case, "the applicable version of the tip credit notice regulation was the pre-2011 version." *Id.* *8 (citing *Chen*, 2015 U.S. Dist. LEXIS 133490, at *10–14).

Next, as Plaintiffs' demonstrated in their opening memorandum, the Ben-Amotz Letter's interpretation of §§ 146-1.3 and 146-2.2 contradicts both this Court's holding in *Salinas* and the plain language of those regulations that written notice of the tip credit is required. *See* Pls. Mem. at 9–10. Even assuming, however, that the Letter did not contradict the plain language of §§ 146-1.3 and 146-2.2 (it does), and that it should therefore be afforded deference as to the interpretation of those provisions (it should not), it does not follow that it should also be afforded deference as to an interpretation of § 137-2.2, a provision the Letter never so much as references. Defendants' flailing attempt to bridge this gap demonstrates another fundamental misreading on Defendants' part, this time of the very source they claim as authoritative. *See* Defs.' Opp'n at 8.

The Ben-Amotz Letter "summarize[s] the [NYDOL's] interpretation of the intersection of the tip credit and notice of pay rules in 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2." Ben-Amotz Letter at 1. Section 146-1.3, the tip credit rule, states that "[a]n employer may take a credit towards the basic minimum hourly rate if [the tipped employee] receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2." Section 146-2.2, the notice of pay rule, states that "an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to

be taken from the basic minimum hourly rate. . . ." The Ben-Amotz Letter concludes that the portion of § 146-1.3 requiring that the employee be "notified of the tip credit as required in section 146-2.2," does not require *written* notice because § 146-1.3 "does not specify a 'written' notice as a precondition to claiming the tip credit." Ben-Amotz Letter at 1–2. Thus, as it states, the Letter's conclusion was based on its (however incorrect) interpretation of the interplay between two separate regulatory provisions, one of which references the other.

There is no such interplay when it comes to § 137-2.2. In contrast to § 146-1.3, section 137-2.2 does not reference any other regulation but simply states that "[e]very employer covered by this Part shall furnish to each employee a statement with every payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages." As set forth in footnote 20 of this Court's *Salinas* decision, courts in this Circuit (at least 12) have consistently interpreted this to mean that listing the tip allowance on a wage statement is a prerequisite to an employer's use of the pre-2011 tip credit. *See Salinas*, 123 F. Supp. 3d at 466 n.20 ("Defendants' suggestion that an employer was entitled to take a tip credit prior to January 1, 2011 even if the employer did not comply with the requirements of . . . [§] 137-2.2 is unpersuasive. Indeed, the majority of courts in this Circuit have reached the opposite conclusion.").

In a state of confusion, Defendants for some reason focus this Court's attention on the post-2011 paystub requirement, 12 N.Y.C.R.R. § 146-2.3, and assert that, because of similarities in the language of that section and the language of § 137-2.2, "the Opinion Letter should . . . apply to 12 N.Y.C.R.R. § 137-2.2 as well." *See* Defs.' Opp'n at 8. But the Ben-Amotz Letter does not even mention, much less interpret, § 146-2.3. There is a good reason for this: under the post-2011 regulations, the availability of the tip credit under § 146-1.3 is conditioned upon

6

satisfaction of the *notice* requirements laid out in § 146-2.2, not the *paystub* requirements of § 146-2.3. Simply put, the post-2011 regulations erected an entirely new regulatory scheme, and the NYDOL's interpretation of that new scheme (even if correct) is not transferrable to the old, pre-2011 scheme.

Last, even if a comparison between § 137-2.2 and the Ben-Amotz Letter were not akin to the proverbial comparison between apples and oranges, the NYDOL's interpretation of the post-2011 regulations is wrong and should not be afforded deference for all of the reasons discussed in Plaintiffs' opening memorandum, including because the Ben-Amotz letter does not appear to be a public opinion letter. Pls.' Mem. at 8–11. To be clear, Plaintiffs are not claiming, and have never claimed, that the Letter does not *exist*. Their point, rather, is that unlike its other formal opinion letters, it does not appear that the NYDOL has disseminated the Ben-Amotz Letter to the public, which raises some question about whether a court should rely on the Letter as setting forth the NYDOL's definitive interpretation of the regulations discussed.[4]

As a final matter, Defendants argue—again in complete ignorance of authoritative case law—that their posting of an NYDOL poster that stated, in sum, that "[a] specified allowance may be credited toward the minimum wage for tips earned" was sufficient to provide actual notice of the tip credit. *See* Defs.' Opp'n at 11–12; Defs.' Statement of Additional Material Facts ¶ 20. First, because the poster states only that Defendants "may" take a tip allowance, it is insufficient to provide any notice that they were, in fact, taking such an allowance. Nor does the poster record the amount of any tip credit the Defendants "may" have taken. Second, courts,

---

[4] Plaintiffs also respectfully note that, as set forth in a letter filed on June 21, 2016, Plaintiffs' attorney D. Maimon Kirschenbaum did not, as Defendants assert, submit the Ben-Amotz Letter as persuasive authority in *Caravente-Avila*. *See* Dkt. Entry No. 153 (Letter). As a review of the *Caravente-Avila* docket sheet shows, Mr. Kirschenbaum's only involvement in that case was nearly four years ago when he obtained a brief extension for time for defendants in order to avoid their default. *See* S.D.N.Y. Dkt. No. 12-cv-5359, Entry No. 9. Shortly thereafter, new defense counsel took over. S*ee id.*, Entry Nos. 12, 13–15. It was those attorneys, not Mr. Kirschenbaum, who submitted the Ben-Amotz Letter to Judge Forrest. *See id.*, Entry No. 122.

including this one, have concluded that reliance on such generic posters is insufficient to satisfy the tip credit notice requirements. *See Salinas*, 123 F. Supp. 3d at 467. Finally, as Judge Engelmayer concluded earlier this month, even posters promulgated by the NYDOL, such as that posted by Defendants, are also insufficient to satisfy the tip credit notice requirements. *See Hernandez v. JRPAC Inc.*, 2016 U.S. Dist. LEXIS 75430, at 38–39, 82 (S.D.N.Y. June 9, 2016) ("[E]ven if the Court had credited defendants' claim to have maintained DOL posters in the restaurant, defendants' notion that the delivery workers could have inferred that the restaurant was taking a tip credit and calculated the amount of this credit for themselves is plainly at odds with the NYLL's notice requirement.").

## C. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment on behalf of the Subclass should be granted in its entirety.

Date: July 1, 2016　　　　　　　　/s/D. Maimon Kirschenbaum  
New York, New York　　　　　　D. Maimon Kirschenbaum  
　　　　　　　　　　　　　　　　Josef Nussbaum,  
　　　　　　　　　　　　　　　　Lucas C. Buzzard  
　　　　　　　　　　　　　　　　JOSEPH & KIRSCHENBAUM LLP  
　　　　　　　　　　　　　　　　32 Broadway, Suite 601  
　　　　　　　　　　　　　　　　New York, NY 10004  
　　　　　　　　　　　　　　　　(212) 688-5640