UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE FONSECA and REYES ANDON, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>DIRCKSEN & TALLEYRAND INC. d/b/a RIVER CAFÉ and MICHAEL "BUZZY" O'KEEFE,<br><br>        Defendants. | ECF Case<br><br>13 CV 5124 (AT)(SN)<br><br><u>**Oral Argument Requested**</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON THEIR
NEW YORK LABOR LAW § 195(3) PAYSTUB CLAIM**

*Of Counsel:*
    Craig R. Benson
    Christine L. Hogan

**LITTLER MENDELSON**
A Professional Corporation
900 Third Avenue, 8th Floor
New York, New York 10022
212.583.9600

*Attorneys for Defendants*

Defendants Dircksen & Talleyrand, Inc. d/b/a the River Café and Michael O'Keeffe ("Defendants") respectfully submit this Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment on their New York Labor Law ("NYLL") § 195(3) claims.

## I.
## ARGUMENT

At base, Plaintiffs' opposition consists of only two arguments: first, that NYLL § 195(3) and its concomitant regulations were not satisfied because the River Café did not "clarify the tip credit," and second, that Section 198(1-d)'s affirmative defense does not apply because Plaintiffs bring both unpaid wages and tip-based claims. (Pl. Br. at 1). As demonstrated below, both arguments fail.

**A.    The River Café's Pre-2012 Paystub Is Compliant with NYLL § 195(3) Because It "Lists" All the Required Information**

As an initial matter, Plaintiffs do not oppose Defendants' motion for summary judgment on Plaintiffs' NYLL § 195(3) claims for the time period June 1, 2015 to present.[1] (Pl. Br. at 4). Accordingly, the Court should grant summary judgment with respect to that time period.

Plaintiffs base their argument that the River Café's pre-2012 paystub is insufficient on a single premise – that NYLL § 195(3) and its concomitant regulations require that employees explicitly understand what everything in their paycheck means. (Pl. Br. at 2-4). More specifically, Plaintiffs argue that since the phrase "tip credit" does not appear on the paystub – *despite* the inclusion of the *actual tip credit amount* – the paystub is not compliant with NYLL § 195(3).[2] Plaintiffs' argument is neither supported by a plain reading of the law at issue nor the

---

[1] Defendants did not move for summary judgment on Plaintiffs' NYLL § 195(3) claims for the time period January 1, 2012 to May 31, 2015.

[2] Plaintiffs do not challenge the sufficiency of the River Café's paystub on any other basis, besides the manner in which the paystub references the tip credit.

1

New York Department of Labor's interpretation of that law.

Each iteration of NYLL § 195(3) and its concomitant regulations during the relevant period includes the word "list" in describing an employer's obligations under the law. *See* NYLL § 195(3) ("listing gross wages, deductions and net wages") (effective until Apr. 9, 2011); NYLL § 195(3) ("listing . . . deductions; allowances, if any, claimed as part of the minimum wage") (effective Apr. 9, 2011); 12 N.Y.C.R.R. § 137-2.2 ("listing . . . allowances, if any, claimed as part of the minimum wage") (effective until Jan. 1, 2011); 12 N.Y.C.R.R. § 146-2.3 ("list . . . credits claimed (for tips, meals and lodging) if any") (effective Jan. 1, 2011). According to well settled rules of statutory interpretation, a court must apply the "ordinary meaning" of the words included in the statute. *See Lawson v. FMR LLC*, 134 S. Ct. 1158, 1165-66 (2014). *See also Cole v. Mandell Food Stores, Inc.*, 93 N.Y.2d 34, 710 N.E.2d 244, 246, 687 N.Y.S.2d 598 (1999) ("When . . . a statute is clear and unambiguous, courts are obligated to construe the statute so as to give effect to the plain meaning of the words."). "The word "list" simply means "to set down together in a list; make a list of." *See* "List," www.Dictionary.com (last visited June 15, 2016).

As per their explicit terms, Section 195(3) and its regulations only require that an employer <u>list</u> certain types of information, including deductions and allowances. That is what the River Café's paystub did: + $58.59 was listed as added to the gross pay and - $58.59 was listed as taken away. The allowances and deductions for the total tip credit were "listed" within the meaning of the law. Any other reading would render the plain meaning of NYLL § 195(3) and its concomitant regulations' language meaningless.[3]

---

[3] Plaintiffs can also easily ascertain the amount of the hourly tip credit by performing simple math. *See Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 U.S. Dist. LEXIS 55301, at *20-22 (C.D. Cal. Apr. 12, 2012) (defendant's wage statements were in substantial compliance because plaintiffs could perform simple math to get the required information), *aff'd*, 554 Fed. App'x 661 (9th Cir. 2014). Fonseca's paystub list both the tipped minimum wage rate

Moreover, as explained in Defendants' opposition brief to Plaintiffs' motion for summary judgment, the purpose of Section 195(3) is not to give employees written notice of the tip credit. The March 4, 2015 NYDOL Opinion Letter (attached to the June 17, 2016 Declaration of Christine L. Hogan (ECF No. 152), Ex. 5, at 2) specifically states:

> If an employer can demonstrate compliance with the all of the other minimum wage requirements and that their employees understood the manner in which the employer took the tip credit, there is no policy rationale to preclude the employer from claiming the tip credit simply because the employer did not provide written notice of the tip credit rules.

*A fortiori*, Section 195(3) and its concomitant regulations cannot possibly *require* that employees reading a paystub receive actual notice of the tip credit through the listed information. Otherwise, the NYDOL in the Opinion Letter wouldn't be making such a distinction. This provides further support that Section 195(3) and its regulations mean exactly what they say – that employers only have to "list" certain types of information to be in compliance.

Plaintiffs' reliance on *Salinas* and *Copantitla* do not render a different result. (Pl. Br. at 2-3). In both cases, it is important to separate out the parts of the opinions that discuss federal requirements and the parts that discuss state law requirements, since this motion only involves Plaintiffs' *state* claims. In *Salinas*, this Court specified that section 137-2.2 required an employer to "'furnish to [the] employee a statement with every payment of wages listing . . . allowances . . . claimed as part of the minimum wage." *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 466 (S.D.N.Y. 2015) (Torres, J.). The Court then held that defendants did not comply with section 137-2.2 because the paystub at issue only listed the amount of tips earned, not any allowances taken – a direct violation of section 137-2.2. *Id.* at 467. Actual notice of the

---

of $5.00 and the regular minimum wage rate of $7.25. Simple math – *i.e.,* subtracting the tipped minimum wage from the regular minimum wage, both listed on the face of the paystub – provides the tip credit amount per hour. *Accord Morgan v. United Retail, Inc.*, 186 Cal. App. 4th 1136, 1147 (Cal. Ct. App. 2010) (wage statements complied with state law where "employee could simply add together" figures on wage statement to arrive at information required by statute).

3

tip credit was only discussed in the Court's discussion on FLSA requirements for taking the tip credit. *Id.* at 466.  In *Copantitla*, the court similarly held that defendant had violated section 137-2.2 for the same reason – failure to list allowances in addition to tip-related income. *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011).  Like the *Salinas* court, the *Copantitla* court only discussed actual notice of the tip credit in its discussion on the FLSA.  *Id.* at 288-90.

Accordingly, despite Plaintiffs' arguments to the contrary, the Court should grant summary judgment in favor of Defendants on Plaintiffs' pre-2012 NYLL § 195(3) claims.

**B.    The Affirmative Defense Contained in NYLL § 198(1-d) Compels the Grant of Summary Judgment for the Time Period October 29, 2012 to Present Because Plaintiffs Do Not Have Cognizable Wage-Based NYLL Claims for that Time Period and Tip-Based Claims Do Not Count**

Plaintiffs argue next that NYLL § 198(1-d)'s affirmative defense does not apply because they bring tip-based <u>and</u> unpaid wages NYLL claims for the time period April 9, 2011 (the date Section 198 (1-d) became effective) to present. (Pl. Br. at 4-6).

As an initial matter, as explained in Defendants' moving brief, the presence of Plaintiffs' tip-based NYLL claims does not prohibit the application of NYLL § 198(1-d).  Plaintiffs try to make a statutory interpretation argument by claiming that 12 N.Y.C.R.R. § 142-2.21's use of the term "services rendered" in its definition of "tips or gratuities" means that tips are "wages" within the meaning of NYLL § 190.  Plaintiffs' statutory interpretation argument is incorrect.

It is true that for purposes of Labor Law Article 6, which encompasses Section 198(1-d), wages are defined as "the earnings of an employee for labor *or services rendered*, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." NYLL § 190(1) (emphasis added).  This restrictive definition of wages, however, does not include <u>all</u> forms of payment received by an employee for services rendered.  For example, it

4

excludes such items of remuneration as discretionary bonuses, *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223-24 (N.Y. 2000), reimbursement of business expenses, *Edwards v. Schrader-Bridgeport Int'l, Inc.*, 205 F. Supp. 2d 3, 13-14 (N.D.N.Y. 2002), and payments for supplemental automobile insurance, *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 329-30 (S.D.N.Y. 2001). As explained below, this restrictive definition of wages also excludes tips, which – by definition – are payments by <u>third parties</u>, not mandatory obligations of the employer.

The New York State Court of Appeals decision in *Truelove* provides the controlling analysis of the point. There, a former employee sued under the Labor Law contending that a bonus constituted wages within the definition of Labor Law § 190(1). *Truelove*, 95 N.Y.2d at 222. Because the terms of the bonus compensation plan did not predicate the bonus on the employee's personal productivity and payment was discretionary, the bonus did not constitute wages. *Id.* at 224. The Court of Appeals specifically distinguished the restrictive definition of wages in Article 6 of the Labor Law from the expansive definition of wages in Article 18 of the Labor Law:

> Unlike in other areas where the Legislature chose to define broadly the term "wages" to include every form of compensation paid to an employee, including bonuses (*see,* Unemployment Insurance Law [Labor Law] §§ 517, 518), the Legislature elected not to define that term in Labor Law § 190 (1) so expansively as to cover all forms of employee remuneration.

*Id.*

Significantly, the comparative provisions of the Unemployment Insurance Law cited by the Court distinguish compensation for employment from tips paid by third parties in its definition of wages. For *unemployment* purposes, the Labor Law defines "wages" as remuneration paid. NYLL § 518. "Remuneration" is defined to include "compensation for

5

employment paid by an employer to his employee; whether paid directly or indirectly by the employer, including salaries, commissions, bonuses, and the reasonable money value of board, rent, housing, lodging, or similar advantage received." NYLL § 517. Remuneration also includes "gratuities received by the employee in the course of his employment from a person other than his employer." *Id*. <u>The express inclusion of gratuities (i.e., tips) within the definition of wages for purposes of unemployment demonstrates the intention to exclude tips from the definition of wages in other sections of the Labor Law</u>. *See Pajak v. Pajak*, 56 N.Y.2d 394, 397, (N.Y. 1982) (the failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended); *Matter of Matthew L.*, 882 N.Y.S.2d 291, 295 (2d Dep't 2009) ("The failure of the Legislature to include such a restriction, when it has otherwise done so under other circumstances within the same statute, should be construed as indicating that the exclusion was intentional.") (quoting McKinney's Cons. Laws of NY, Book 1, Statutes § 74); *Childs v. Bane*, 194 A.D.2d 221, 228 (3d Dep't 1993) ("When different terms are used in various parts of a statute, it is reasonable to assume that a distinction between them is intended.").

That tips do not come within the definition of wages is also evident from the structure of Article 6 itself. Labor Law § 193 prohibits an employer from making any "deduction from the wages of an employee." NYLL § 193. If tips were wages, then Section 193 would preclude an employer from taking any part of any tip or requiring a waiter to share his tips with other workers. Yet two years after Section 193 was enacted, Article 6 was amended to add Section 196-d, which precludes an employer from taking any part of a tip. If Section 193 already precluded this action, Section 196-d would have been unnecessary. Subsequently, a provision of the Labor Law was added to require employers to post copies of the laws and regulations "relating to illegal deductions from wages *and* tips by employers." N.Y. Labor Law § 198-d

(emphasis added).  Article 6, itself, contemplates that wages and tips are two different things.

Finally, court decisions also distinguish tips from wages for purposes of the Labor Law.  *See e.g., In re Starbucks Emple. Gratuity Litig.*, 264 F.R.D. 67, 73-74 (S.D.N.Y. 2009) (finding that tips are not wages for purposes of determining whether employer took unlawful deduction from wages); *Restaurants & Patisseries Longchamps, Inc. v. Pedrick*, 52 F. Supp. 174, 174 (S.D.N.Y. 1943) (analyzing whether payments made to plaintiff's employees were wages or tips).  *See also Block v. Gatling*, 84 A.D.3d 445, 445 (1st Dep't 2011) (indicating that earning less money in tips did not constitute a change in complainant's wages or terms and conditions of employment).

In sum, a claim for tips is <u>not</u> a claim for wages.  As explained in Defendants' moving brief, even if Plaintiffs were to eventually succeed on their claims that maître'ds and/or alleged "expeditors" and "polishers" were properly included in the tip pool, the remedy would be disgorgement of tips, not payment of wage-based damages.  Accordingly, there is simply no claim under NY Labor Law, based on this particular theory, that Plaintiffs or any other employee is owed any "wages" whatsoever for their tip-based claims.  In other words, the presence of Plaintiffs' tip-based claims does not preclude application of Defendants' Section 198(1-d)'s affirmative defense.

Next, Plaintiffs argue that their NYLL minimum wage and overtime wage-based claims also prevent application of Section 198(1-d).  (Pl. Br. at 5).  Plaintiffs' wage-based claims, however, rely <u>only</u> upon their allegation that River Café paid by the shift instead of by the minute.  (Plaintiffs' Rule 56.1 Counterstatement, ¶ 15).  And, in support of that allegation, Plaintiffs only cite to declarations of employees whose employment terminated on or before Hurricane Sandy hit in October 2012.  (*Id.* ¶ 15 & Exs. 1-4).  Accordingly, Plaintiffs do not

proffer any admissible evidence that River Café paid by the shift for the time period October 29, 2012 to present.

On the contrary, the River Café paid by the minute when it reopened in January 2014. (*Id.* Ex. 5, at ¶ 6; *see also* Defendants' Reply to Plaintiffs' Rule 56.1 Counterstatement, ¶ 15). To the extent the River Café did not pay by the minute, it was only because the employee did not choose to use the time clock and properly punch in and out. (Plaintiffs' Rule 56.1 Counterstatement, Ex. 5, ¶¶ 6-7; Defendants' Reply to Plaintiffs' Rule 56.1 Counterstatement ¶ 15). The River Café cannot be held legally responsible for an employees' failure to utilize a system for ensuring payment of the correct amount of time worked. *See Wood v. Mid-Am. Mgmt. Corp.* 192 Fed. App'x 378, 380-82 (6th Cir. 2006) (affirming the district court's grant of summary judgment where the self-reporting employee failed to log hours despite knowing that he needed to report those hours to receive proper compensation, explaining that "[a]n employer cannot satisfy an obligation that it has no reason to think exists. And an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid") (favorably citing *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998)). In any event, starting the week of April 20, 2014, the River Café ensured accurate timekeeping by stapling a Missed Clock In/Out Notice to an employee's paystub if that employee missed a punch. (Defendants' Reply to Plaintiffs' Rule 56.1 Counterstatement ¶15). If the employee informed the River Café that he/she was underpaid, the Restaurant corrected the error and he/she would receive the additional pay in his next paycheck. (*Id.*).

In *Salinas*, this Court made a distinction between what it termed the "shift pay" and "time clock" eras at defendant's restaurant. *Salinas v Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 458

8

n.10 (S.D.N.Y. 2015).  The Court should do the same here.  There is no record evidence that support Plaintiffs' wage-based claims during the "time clock" era.  Accordingly, the Court should grant summary judgment on Plaintiffs' NYLL § 195(3) claims based on Defendants' NYLL § 198(1-d) affirmative defense for the time period October 29, 2012 to present.

## II.
## CONCLUSION

Based on the foregoing and Defendants' moving papers, Defendants respectfully request that the Court grant its motion for summary judgment and dismiss Plaintiff's NYLL § 195(3) pre-2012 and post-October 29, 2012 claims as a matter of law, and order such other and further relief as the Court deems just and proper.

Date:  July 1, 2016　　　　　　　　　　　s/Christine Hogan
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　Craig R. Benson, Esq.
　　　　　　　　　　　　　　　　　　　　Christine L. Hogan, Esq.
　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.
　　　　　　　　　　　　　　　　　　　　900 Third Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY  10022
　　　　　　　　　　　　　　　　　　　　(212) 583-9600
　　　　　　　　　　　　　　　　　　　　cbenson@littler.com
　　　　　　　　　　　　　　　　　　　　clhogan@littler.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*