# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---:|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

March 15, 2017

**VIA ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

      Re:    *Fonseca, et al v. Dirksen & Talleyrand Inc., et al,*
               **13 Civ. 5124 (RA)(SN)**

Dear Judge Abrams:

      We represent Plaintiffs and the Fed. R. Civ. P. Rule 23 Class in the above-referenced matter. We write, in advance of the March 20, 2017 oral argument relating to Plaintiffs' and Defendants' respective motions for partial summary judgment, to briefly clarify our position on one point with respect to Defendants' motion for partial summary judgment. We respectfully note that we did not address this point in our opposition to Defendants' motion because Defendants only made the argument for the first time in their reply papers.

      In their original moving papers, Defendants claim that they are not subject to any wage-statement penalties under New York Labor Law ("NYLL") § 198(1-d), because they are entitled to an affirmative defense that they made "complete and timely payment of all wages due pursuant to this article," *i.e.,* Article 6 of the NYLL. *See* Dkt. No. 139 at p. 9. Defendants argued—with no support—that "tips" do not constitute "wages" for the purpose of the statute, and that therefore they are entitled to the affirmative defense even though they are accused of illegally withholding tips in violation of NYLL § 196-d.

      In their reply brief Defendants argue for the first time that their position is supported by *Truelove v. Northeast Capital & Advisory, Inc.* which held that certain bonuses are not "wages" for purposes of Labor Law Article 6, because they are not for services rendered. 95 N.Y.2d 220, 223-24 (N.Y. 2000); *see* Dkt. No. 156 at pp. 4-7. Defendants' reliance on *Truelove* is puzzling. . *Truelove* dealt with "[d]iscretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship," as opposed to tips, which are (a) paid for services rendered and (b) explicitly governed by Article 6 of the NYLL in § 196-d. *See*

*e.g., Ryan v Kellogg Partners Institutional Servs.,* 19 N.Y.3d 1, 16 (N.Y. 2012) (finding that bonuses are wages governed by the Article 6 of the NYLL where "[u]nlike the situation in *Truelove*" the bonus was "expressly link[ed]" to the "labor or services personally rendered" and since the bonus had "been earned and was vested" before the plaintiff left his job "its payment was guaranteed and non-discretionary as a term and condition of his employment.")(citations omitted); *Giuntoli v. Garvin Guybutler Corp.*, 726 F. Supp. 494, 509 (S.D.N.Y. 1989) (payments "already due and vested … fall within the definition of wages in § 190.").

To be sure, the section of the NYLL which provides the primary underlying private right of action for the disgorgement and liquidated damages of alleged misappropriated tips in this lawsuit is NYLL § 198 (1-a,) which allows a Plaintiff to sue if she is "paid less than the wage to which he or she is entitled under the provisions of this article." NYLL § 198 (1-a). Put simply, every single one of the myriad cases (including this one) under which an employee sues for withheld tips in violation of NYLL § 196-d, is premised on the obvious interpretation that the phrase "wages…under the provisions of this article" includes misappropriated tips. *See, e.g., Picard v. Bigsbee Enters., Inc.*, 2013 NY Slip Op 51495(U), ¶ 2, 40 Misc. 3d 1240(A), 1240A, 977 N.Y.S.2d 669, 669 (Sup. Ct.) ("Pursuant to Labor Law § 198 (1-a), an employee who prevails on a claim brought pursuant to Labor Law § 196-d may recover any underpayment in wages, attorney's fees and interest.").

We thank the Court for Its attention to this matter.

      Respectfully submitted,

      */s/ Josef Nussbaum*
      Josef Nussbaum


cc: All Counsel (via ECF)